
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN GOODALE, | ) | |
| Petitioner, | ) ) | |
| vs. | ) | 4:16-cv-08080-LSC |
| UNITED STATES OF AMERICA, | ) ) ) | (4:15-cr-103-LSC-JEO-1) |
| Respondent. | ) ) ) | |

### MEMORANDUM OF OPINION

This is a motion to vacate, set aside, or amend a sentence under the authority of 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015), filed *pro se* by Plaintiff, John Goodale ("Goodale"), on June 23, 2016. Goodale also requests the appointment of counsel. Goodale pled guilty to a three-count indictment in this Court and now challenges his sentence. For the reasons stated below, Goodale's motion is due to be dismissed.

### I. BACKGROUND

On December 20, 2013, an Alabama State Trooper observed Goodale exceeding the speed limit in a truck with improper tags. (Cr. Doc. 13). The trooper pulled behind Goodale and activated his lights, at which point Goodale accelerated to a speed of 107 miles per hour. (Cr. Doc. 13). After a chase of several miles,

Goodale exited the interstate, where the chase continued for several more miles. (Cr. Doc. 13). Following a foot pursuit, the trooper apprehended Goodale. Other officers on the scene searched Goodale's vehicle and found six firearms and 53.5 grams of methamphetamine. (Cr. Doc. 13).

In May of 2015, the Grand Jury returned a three-count indictment charging Goodale with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. 13). Goodale pled guilty to Counts 1, 2, and 3 on June 25, 2015. (Cr. Doc. 13). He was sentenced by this Court to a term of imprisonment for 181 months and lifetime supervised release. (Cr. Doc. 13). Judgment was entered on February 12, 2016. Goodale did not appeal.

## II. Discussion

### A. Timeliness and Non-Successive Nature of Goodale's § 2255 Motion

Because Goodale filed his § 2255 motion within one year of the date that the judgment of his conviction became final, his motion is timely. *See* 28 U.S.C. § 2255(f)(1). Furthermore, nothing in the record indicates that Goodale has

previously filed a § 2255 motion. Thus, the current motion is not "successive" within the meaning of § 2255(h).

### B. Goodale's Claim under *Johnson*

Goodale argues that in light of *Johnson v. United States*, he is entitled to be resentenced because the "residual clause" of the Armed Career Criminal Act found to be unconstitutional in *Johnson* is directly analogous to the definition of "crime of violence" used in 18 U.S.C. § 924(c)(1)(A). 18 U.S.C. § 924(c)(1)(A) provides for specific punishment enhancements for a defendant who "uses or carries" a gun "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). "Crime of violence" is defined as "an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the court of committing the offense." 18 U.S.C. § 924(c)(3).

In this case, however, Goodale was convicted and sentenced under the "drug trafficking crime" portion of that law. A "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of title 46." 18 U.S.C. §

924(D)(2). Count Two of the indictment, as well as the facts presented in the Presentence Investigation Report ("PSR") do not assert a crime of violence as the trigger for Goodale's § 924(c)(1)(A) conviction, but rather the drug trafficking crime charged in Count One of the indictment. Possession with intent to distribute methamphetamine is a drug trafficking crime as defined in the statute. Because the predicate offense was a drug trafficking crime, not a crime of violence, the reasoning put forth by Goodale under *Johnson* is not applicable.

### III. CONCLUSION

For the reasons stated above, Goodale's motion is due to be DISMISSED. An appropriate order will be entered.

This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28. U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate and deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Goodale's claims do not satisfy either standard.

**DONE** AND **ORDERED** ON JULY 27, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

182184